**UNITED STATES DISTRICT COURT**

**DISTRICT OF MASSACHUSETTS**

Stephaney E. Blake,

Plaintiff,

v. Civil Action No. ______________

Experian Information Solutions, Inc.,

Defendant.

---

## COMPLAINT AND DEMAND FOR JURY TRIAL

## PRELIMINARY STATEMENT

1. This is an action by Plaintiff Stephaney E. Blake ("Plaintiff" or "Ms. Blake"), a consumer, against Defendant Experian Information Solutions, Inc. ("Experian" or "Defendant"), a nationwide consumer reporting agency ("CRA"), for willful and negligent violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). Pro se complaints are liberally construed and held to less stringent standards than those prepared by counsel. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

2. On April 6, 2026, Plaintiff requested and received her consumer file disclosure from Experian, Report Number 3391-2365-12 (the "Disclosure"). The Disclosure is a 113-account report that is pervasively and systematically incomplete. Across every single Affirm Inc. account in the Disclosure — regardless of account type, account status, or balance — Experian

suppressed the "Recent Payment" field entirely, displaying only a placeholder dash in place of actual payment data. The same accounts for which Experian suppressed this field contain active balance history tables demonstrating that payment activity occurred. That contradiction — payment data present in one field, absent in another on the same account entry — is the textbook § 1681g(a)(1) violation: a disclosure so incomplete that Plaintiff cannot determine the accuracy of her own file.

3. The FCRA requires a CRA to "clearly and accurately disclose" to the consumer "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). That is the central claim in this case. The violation is complete on the face of the Disclosure. No prior dispute is required, and none is alleged.

4. Additionally, Experian disseminated Plaintiff's consumer report to third-party creditors on multiple occasions, as evidenced by seven (7) hard inquiries recorded in the Disclosure. Each dissemination of Plaintiff's incomplete file to a third party establishes concrete injury-in-fact under TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021).

5. Plaintiff brings this action under 15 U.S.C. §§ 1681g(a)(1), 1681e(b), 1681n, and 1681o, seeking actual damages, statutory damages, punitive damages, and costs.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1681p and 28 U.S.C. § 1331, as this action arises under federal law.

7. Venue is proper in the District of Massachusetts pursuant to 28 U.S.C. § 1391(b) and 15 U.S.C. § 1681p because Plaintiff resides in Dorchester Center, Massachusetts, within this judicial district, and the unlawful acts complained of occurred in this district.

## PARTIES

8. Plaintiff Stephaney E. Blake is a natural person residing at 34 Bloomfield Street, Apartment 1, Dorchester Center (Boston), Massachusetts 02124. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

9. Defendant Experian Information Solutions, Inc. is an Ohio corporation with its principal place of business at 475 Anton Blvd., Costa Mesa, California 92626. Experian's registered agent for service of process in Massachusetts is CT Corporation System, 155 Federal Street, Suite 700, Boston, Massachusetts 02110. Experian is a "consumer reporting agency" as defined by 15 U.S.C. § 1681a(f) in that it regularly engages, for monetary fees, in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties using means and facilities of interstate commerce. Experian is a nationwide consumer reporting agency within the meaning of 15 U.S.C. § 1681a(p). As a CRA of this stature and longevity, Experian is fully aware of its obligations under the FCRA.

## FACTUAL ALLEGATIONS

### A. The Statutory Disclosure Obligation

10. On April 6, 2026, Plaintiff requested and received her consumer file disclosure from Experian pursuant to 15 U.S.C. § 1681g, bearing Report Number 3391-2365-12. The Disclosure, which spans 113 accounts, is attached hereto as Exhibit A and incorporated by reference.

11. Section 1681g(a)(1) of the FCRA imposes an unconditional obligation: upon a consumer's request, a CRA must "clearly and accurately disclose" to the consumer "[a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). This obligation is triggered solely by the act of requesting the disclosure. No prior dispute is required.

12. The term "file" means "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). This encompasses every data field Experian maintains internally, not a curated subset.

13. The FTC Advisory Opinion to Darcy (June 30, 2000) (the "Darcy Opinion"), attached hereto as Exhibit B, confirmed over twenty-five (25) years ago that a CRA that omits or suppresses data in consumer disclosures while providing complete data to third-party purchasers "does not technically comply with Section 609." Experian has had constructive and actual notice of this standard for a quarter-century.

14. Under Alexander v. Equifax Info. Servs., LLC, 2018 WL 3025939 (D. Nev. 2018), the operative question is "whether a disclosure is unclear such that the consumer cannot determine the accuracy of the information in that disclosure." Experian's Disclosure — omitting the Recent Payment field on every Affirm account, while simultaneously showing payment data in the balance history tables for those same accounts — satisfies this standard of deficiency as a matter of plain fact on the face of the report. See also Gillespie v. Trans Union Corp., 482 F.3d 907 (7th Cir. 2007) ("file" includes all data the CRA provides to third parties).

**B. The Affirm Account Inventory — Uniform Suppression of the Recent Payment Field**

15. Plaintiff's Disclosure contains thirty-five (35) or more separate Affirm Inc. accounts, spanning both standard installment loans and buy now, pay later ("BNPL") products. Across every single Affirm account in the Disclosure — without exception — the "Recent Payment" field is suppressed, displaying only a placeholder dash ("—") rather than actual payment data. A complete itemized inventory of every Affirm account with its corresponding Recent Payment field suppression is attached as Exhibit C.

16. The following account-by-account inventory identifies each Affirm account and the specific data suppressed. Suppression of the Recent Payment field is confirmed by its absence on every entry regardless of account status.

17. Affirm Account 43UXXXX — Unsecured Installment, Opened November 7, 2023, Original Balance $494, Status: Paid, Closed. The Recent Payment field displays only a placeholder dash despite the balance history table showing an actual payment of $87.00 on March 8, 2024. This internal contradiction — payment data present in the balance history, absent in the Recent Payment field — renders the disclosure of this account incomplete and unclear within the meaning of § 1681g(a)(1). Plaintiff cannot determine from the face of this entry whether Experian is accurately reporting her payment activity.

18. Affirm Account 1UWCXXXX — Unsecured Installment, Opened December 24, 2024, Original Balance $600, Status: Open, $109 past due as of March 2026. The Recent Payment field is suppressed (placeholder dash). The balance history shows a last payment attempt on October 23, 2025; the payment columns show $0 for the January 2026 and February 2026 entries. The suppression of the Recent Payment field prevents Plaintiff from determining at a glance whether any post-October 2025 payment was credited, and prevents her from verifying the accuracy of the delinquency notation.

19. Affirm Account 5GIUXXXX — Unsecured Installment, Opened December 26, 2024, Original Balance $235, Status: Paid, Closed. The Recent Payment field is suppressed. The account carries delinquency notations of 30 days past due for December 2025, 60 days past due for January 2026, and 90 days past due for February 2026. Despite these adverse notations remaining on a closed account, Experian provided no Recent Payment data to allow Plaintiff to verify whether the delinquency history was resolved or accurately reported.

20. Affirm Account 5SRJXXXX — Unsecured Installment, Opened January 27, 2025, Original Balance $399, Status: Open, $112 past due as of March 2026. The Recent Payment field is suppressed. The account carries delinquency notations of 30 days past due for January 2026, 60 days past due for February 2026, and 90 days past due for March 2026. The balance history shows payment attempts on October 29, 2025 totaling $0 for January and February 2026 entries. Without the Recent Payment field, Plaintiff cannot determine whether any payment was posted after October 2025 or whether the delinquency reporting is accurate.

21. Affirm Account 846EXXXX — Unsecured Installment, Opened January 13, 2025, Original Balance $510, Status: Open, $92 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Last payment attempt shown in balance history: November 13, 2025. The suppression of the Recent Payment field renders the delinquency reporting unverifiable from the face of the Disclosure.

22. Affirm Account 9Z1LXXXX — Unsecured Installment, Opened January 31, 2025, Original Balance $300, Status: Open, $83 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. Last payment attempt: October 29, 2025.

Plaintiff cannot verify the delinquency sequence from the face of this entry without the Recent Payment data.

23. Affirm Account A0SAXXXX — Unsecured Installment, Opened March 26, 2025, Original Balance $230, Status: Open, $43 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Last payment attempt: December 26, 2025. The suppression leaves the accuracy of this account's delinquency unverifiable.

24. Affirm Account EBVMXXXX — Unsecured Installment, Opened February 24, 2025, Original Balance $297, Status: Open, $83 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. The balance history shows payments on October 23, 2025; subsequent months show $0. Plaintiff cannot verify whether any payment occurred after October 2025 from the face of this entry.

25. Affirm Account EUMHXXXX — Unsecured Installment, Opened January 21, 2025, Original Balance $1,045, Status: Open, $196 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. The balance history shows a $94.00 payment on January 21, 2026 applied to the February 2026 entry, yet the account remains past due. Without the Recent Payment field, Plaintiff cannot reconcile the payment against the delinquency.

26. Affirm Account GTROXXXX — Unsecured Installment, Opened January 13, 2025, Original Balance $600, Status: Open, $72 past due as of March 2026. The Recent Payment field

is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Suppression prevents verification of the delinquency.

27. Affirm Account H3HYXXXX — Unsecured Installment, Opened December 18, 2024, Original Balance $342, Status: Open, $32 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Suppression prevents verification of the delinquency.

28. Affirm Account HD6LXXXX — Unsecured Installment, Opened March 21, 2025, Original Balance $400, Status: Open, $75 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for both January 2026 and February 2026, 60 days past due for March 2026. The balance history shows a $37.00 payment applied January 21, 2026 to the February 2026 entry, yet a 30-day delinquency persists for that month. Without the Recent Payment field, Plaintiff cannot verify this apparent discrepancy.

29. Affirm Account J4YPXXXX — Unsecured Installment, Opened December 6, 2024, Original Balance $799, Status: Open, $105 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Last payment attempt: November 5, 2025. Suppression leaves the delinquency unverifiable.

30. Affirm Account P6HSXXXX — Unsecured Installment, Opened February 28, 2025, Original Balance $300, Status: Open, $76 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. Last payment attempts: October 29, 2025.

31. Affirm Account Q447XXXX — Unsecured Installment, Opened February 11, 2025, Original Balance $230, Status: Open, $22 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Balance history shows a $5.00 payment on January 11, 2026. Without the Recent Payment field, Plaintiff cannot determine whether that partial payment was properly credited or whether the delinquency sequence is accurate.

32. Affirm Account S6HPXXXX — Unsecured Installment, Opened March 3, 2025, Original Balance $252, Status: Open, $23 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for both February 2026 and March 2026. Last payment attempt: January 3, 2026.

33. Affirm Account TUDWXXXX — Unsecured Installment, Opened February 20, 2025, Original Balance $285, Status: Open, $53 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January and February 2026, 60 days past due for March 2026. Balance history shows a $26.00 payment on January 20, 2026. Without the Recent Payment field, Plaintiff cannot verify whether that payment was properly credited.

34. Affirm Account U6WJXXXX — Unsecured Installment, Opened December 2, 2024, Original Balance $531, Status: Open, $49 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. Last payment attempt: November 1, 2025.

35. Affirm Account WGV2XXXX — Unsecured Installment, Opened January 27, 2025, Original Balance $150, Status: Open, $28 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Last payment attempt: December 27, 2025.

36. Affirm Account XOQQXXXX — Unsecured Installment, Opened March 7, 2025, Original Balance $150, Status: Open, $28 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Last payment attempt: November 5, 2025.

37. Affirm Account 164JXXXX (BNPL) — Unsecured, Opened September 22, 2025, Original Balance $250, Status: Open, $133 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. Balance history shows a $44.00 payment applied October 22, 2025. Subsequent months reflect $0 payments. Without the Recent Payment field, Plaintiff cannot verify whether additional payments were posted or whether the delinquency progression is accurate.

38. Affirm Account 21BMXXXX (BNPL) — Unsecured, Opened July 8, 2025, Original Balance $240, Status: Paid, Closed. The Recent Payment field is suppressed despite a detailed balance history showing payments made through January 2026. The account carries delinquency notations of 30 days past due for January 2026 and 60 days past due for February 2026 — delinquency notations that appear on a closed account. Without the Recent Payment field, Plaintiff cannot determine whether the delinquency notations on this closed account accurately reflect her payment history.

39. Affirm Account 28X4XXXX (BNPL) — Unsecured, Opened August 12, 2025, Original Balance $250, Status: Open, $89 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026.

40. Affirm Account 2BU6XXXX (BNPL) — Unsecured, Opened August 25, 2025, Original Balance $104, Status: Open, $55 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026.

41. Affirm Account 2KEIXXXX (BNPL) — Unsecured, Opened October 22, 2025, Original Balance $309, Status: Open, $87 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. The balance history shows $0 payments for November 2025, December 2025, January 2026, and February 2026. Without the Recent Payment field, Plaintiff cannot independently verify whether any payment was posted or credited during these months.

42. Affirm Account 3E67XXXX (BNPL) — Unsecured, Opened October 23, 2025, Original Balance $50, Status: Open, $12 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. The comment notation reads: "First payment never received" for the period January through February 2026. Despite this adverse notation, no Recent Payment data is provided to allow Plaintiff to verify or contest the characterization.

43. Affirm Account 5VZHXXXX (BNPL) — Unsecured, Opened August 22, 2025, Original Balance $105, Status: Open, $56 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026.

44. Affirm Account 64JJXXXX (BNPL) — Unsecured, Opened September 29, 2025, Original Balance $285, Status: Open, $152 past due as of March 2026. The Recent Payment field

is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. Last payment attempt: October 29, 2025.

45. Affirm Account 96SRXXXX (BNPL) — Unsecured, Opened August 25, 2025, Original Balance $192, Status: Open, $102 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. Last payment: October 23, 2025.

46. Affirm Account 99XXXXX (BNPL) — Unsecured, Opened September 15, 2025, Original Balance $582, Status: Open, $109 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026. Balance history shows payments in October and November 2025 then $0 thereafter. Without the Recent Payment field, Plaintiff cannot verify whether any payment was credited after November 2025.

47. Affirm Account 9DXFXXXX (BNPL) — Unsecured, Opened May 27, 2025, Original Balance $180, Status: Open, $28 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026.

48. Affirm Account 9LQLXXXX (BNPL) — Unsecured, Opened June 30, 2025, Original Balance $335, Status: Open, $115 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026.

49. Affirm Account BGDEXXXX (BNPL) — Unsecured, Opened April 10, 2025, Original Balance $372, Status: Open, $70 past due as of March 2026. The Recent Payment field is

suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026.

50. Affirm Account DRF3XXXX (BNPL) — Unsecured, Opened April 28, 2025, Original Balance $174, Status: Open, $49 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026.

51. Affirm Account DS64XXXX (BNPL) — Unsecured, Opened April 9, 2025, Original Balance $161, Status: Open, $30 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026.

52. Affirm Account EMCRXXXX (BNPL) — Unsecured, Opened August 12, 2025, Original Balance $160, Status: Open, $56 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for February 2026, 60 days past due for March 2026.

53. Affirm Account EY92XXXX (BNPL) — Unsecured, Opened August 25, 2025, Original Balance $480, Status: Open, $135 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026.

54. Affirm Account G7T6XXXX (BNPL) — Unsecured, Opened October 27, 2025, Original Balance $127, Status: Open, $63 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. The comment notation states: "First payment

never received" for January through February 2026. Despite this adverse notation, no Recent Payment data is disclosed.

55. Affirm Account HAHAXXXX (BNPL) — Unsecured, Opened October 23, 2025, Original Balance $360, Status: Open, $192 past due as of March 2026. The Recent Payment field is suppressed. Delinquency notations: 30 days past due for January 2026, 60 days past due for February 2026, 90 days past due for March 2026. Balance history shows $0 payments for November 2025, December 2025, January 2026, and February 2026.

**C. The Internal Contradiction — Completeness Deficiency on the Face of the Disclosure**

56. The suppression of the Recent Payment field on every Affirm account is not merely a missing data point. On account after account, Experian's own balance history tables demonstrate that payment events occurred, while the Recent Payment field simultaneously displays only a placeholder dash. Experian cannot simultaneously possess payment data (as evidenced by the balance history tables) and accurately disclose "all information" in the file while suppressing that same data from the Recent Payment field. This contradiction establishes the § 1681g(a)(1) violation on the face of the Disclosure, without resort to any external evidence.

57. The violation is compounded by its uniformity. The Recent Payment field is suppressed on every single Affirm account in Plaintiff's Disclosure — across standard installment loans, BNPL accounts, paid-closed accounts, and accounts with active delinquency notations. A pattern this consistent and this complete cannot result from isolated data error. It reflects a deliberate policy or system configuration that causes Experian's consumer-facing disclosure template to suppress the Recent Payment field for all Affirm-originated accounts.

58. On information and belief, Experian maintains and transmits complete payment data — including actual Recent Payment amounts and dates — to third-party purchasers of consumer reports who access Plaintiff's file. Experian systematically withholds this same data from Plaintiff's own file disclosure. This differential treatment — complete data to creditor-purchasers, suppressed data to the subject consumer — is the precise violation identified in the Darcy Opinion and prohibited by 15 U.S.C. §§ 1681a(g) and 1681g(a)(1).

**D. Aggregate Missing Field Count**

59. In total, Plaintiff's Disclosure contains in excess of thirty-five (35) accounts on which the Recent Payment field is suppressed. Each suppression instance constitutes a discrete omission of information that Experian maintains in its file and is required to disclose. The aggregate impact is a consumer file disclosure in which Plaintiff cannot verify the accuracy of payment history on a substantial portion of her accounts — including accounts carrying adverse delinquency notations that affect her creditworthiness. A complete itemized account-by-account inventory is attached as Exhibit C.

**E. Third-Party Dissemination — Article III Standing**

60. Experian disseminated Plaintiff's consumer report — containing the incomplete file data described herein — to the following third parties via hard inquiries recorded in Plaintiff's April 6, 2026 Disclosure, establishing concrete injury-in-fact under TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021):

61. (a) XACTUS LLC — Hard Inquiry dated March 31, 2026;

62. (b) GOODLEAP LLC — Hard Inquiry dated January 24, 2026;

63. (c) ML/BrightBridge Credit Union — Hard Inquiry dated January 21, 2025;

64. (d) SYNCB/HSN — Hard Inquiry dated October 6, 2024;

65. (e) Capital One Bank USA NA — Hard Inquiry dated August 27, 2024;

66. (f) XACTUS LLC — Hard Inquiry dated June 17, 2024;

67. (g) ML/BrightBridge Credit Union — Hard Inquiry dated May 1, 2024.

68. Each dissemination of Plaintiff's incomplete consumer file to a third party constitutes a separate potential violation of 15 U.S.C. § 1681e(b) and a separate basis for statutory damages under 15 U.S.C. § 1681n(a)(1)(A).

**F. Willfulness**

69. Under Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007), a CRA acts willfully when its conduct is objectively unreasonable and creates a risk of harm substantially greater than negligence. Experian's conduct meets this standard for each of the following independent reasons.

70. First, the FTC Advisory Opinion to Darcy (June 30, 2000) — now more than twenty-five years old — expressly placed all CRAs on notice that systematically omitting data from consumer disclosures while providing complete data to third-party purchasers violates § 1681g(a)(1). Experian's continued operation of a disclosure system that suppresses the Recent

Payment field on every Affirm account a quarter-century after the Darcy Opinion is objectively unreasonable under Safeco, 551 U.S. at 69.

71. Second, the suppression of the Recent Payment field on every single Affirm account in Plaintiff's Disclosure — regardless of account type, account status, or balance amount — confirms deliberate policy rather than isolated error. Courts distinguish systemic pattern from isolated mistake in willfulness analysis. See Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020) (systemic pattern evidence supports willfulness and punitive damages).

72. Third, Experian's primary federal regulator, the Consumer Financial Protection Bureau, filed a federal enforcement action against Experian on January 7, 2025, in Case No. 8:25-cv-00024 (C.D. Cal.), specifically alleging that Experian's consumer file disclosure practices are materially deficient and that Experian's ACDV-based reinvestigation procedures are inadequate. Experian's continued operation of consumer disclosure practices materially identical to those described in a pending federal enforcement action filed by its primary regulator confirms willful disregard of known legal obligations under Safeco, 551 U.S. at 69. This enforcement action is cited for notice purposes only and does not constitute an adjudicated finding against Experian.

**G. Actual Damages**

73. As a direct and proximate result of Experian's violations, Plaintiff has suffered actual damages including but not limited to: emotional distress, frustration, and anxiety arising from the inability to understand, verify, or confirm the accuracy of payment history on a large portion of her credit file, particularly on accounts carrying adverse delinquency notations; informational injury arising from the statutory deprivation of her right under 15 U.S.C. § 1681g(a)(1) to a clear and complete file disclosure; loss of time spent attempting to interpret an incomplete disclosure;

and the ongoing risk of credit harm from potentially inaccurate delinquency notations included in reports disseminated to third-party creditors.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF 15 U.S.C. § 1681g(a)(1)

## FAILURE TO CLEARLY AND ACCURATELY DISCLOSE ALL INFORMATION IN THE CONSUMER'S FILE

74. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

75. Section 1681g(a)(1) mandates that Experian, upon a consumer's request, "clearly and accurately disclose to the consumer . . . [a]ll information in the consumer's file at the time of the request." 15 U.S.C. § 1681g(a)(1). This is an unconditional statutory duty. The violation is complete the moment Experian delivers an incomplete disclosure. No prior dispute is required.

76. The term "file" encompasses "all of the information on that consumer recorded and retained by a consumer reporting agency regardless of how the information is stored." 15 U.S.C. § 1681a(g). Experian cannot satisfy this obligation by suppressing data fields maintained in its internal systems. See Gillespie v. Trans Union Corp., 482 F.3d 907 (7th Cir. 2007).

77. The Darcy Opinion — over twenty-five years old — expressly states that a CRA that omits data in consumer disclosures while providing complete data to third parties "does not technically comply with Section 609." Experian has had actual and constructive notice of this standard for a quarter-century.

78. Experian violated § 1681g(a)(1) by delivering to Plaintiff a Disclosure that suppressed the Recent Payment field on every single Affirm account — in excess of thirty-five (35) accounts — including accounts carrying active delinquency notations of 30, 60, and 90 days past due. On those same accounts, Experian's own balance history tables confirm that payment data exists and is maintained by Experian. The suppression of the Recent Payment field alongside the existence of balance history payment data on the same account entry creates an internal contradiction that is "unclear such that the consumer cannot determine the accuracy of the information in that disclosure." Alexander v. Equifax Info. Servs., LLC, 2018 WL 3025939 (D. Nev. 2018).

79. On information and belief, Experian maintains and transmits complete Recent Payment data to third-party purchasers of consumer reports. Experian systematically withholds this data from Plaintiff's own file disclosure, providing complete data to creditor-purchasers while suppressing it from the subject consumer. This information asymmetry is the violation condemned by the Darcy Opinion and prohibited by §§ 1681a(g) and 1681g(a)(1).

80. The uniform suppression of the Recent Payment field across every Affirm account in the Disclosure — regardless of account type or status — demonstrates deliberate policy rather than isolated error. This systemic pattern is not attributable to coincidence; it is attributable to a software configuration or disclosure template policy that causes Experian's consumer portal to suppress Recent Payment data for all Affirm-originated accounts.

81. Experian's conduct was willful within the meaning of 15 U.S.C. § 1681n and Safeco Insurance Co. of America v. Burr, 551 U.S. 47 (2007): (a) the Darcy Opinion has provided unambiguous notice of the § 1681g(a)(1) standard for over twenty-five years; (b) the uniform, account-wide suppression of the Recent Payment field across all Affirm accounts demonstrates

deliberate software policy rather than isolated error; and (c) Experian's continued operation of disclosure practices materially identical to those at issue in a pending CFPB federal enforcement action confirms that Experian acts with willful disregard of its statutory obligations. Safeco, 551 U.S. at 57. See also Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020).

82. In the alternative, Experian acted negligently in failing to maintain procedures sufficient to ensure complete and accurate file disclosure to consumers, in violation of 15 U.S.C. § 1681o.

83. As a result of Experian's violations of § 1681g(a)(1), Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1); (b) statutory damages of not less than $100 nor more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A); (c) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and (d) costs of the action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

## COUNT II

## VIOLATION OF 15 U.S.C. § 1681e(b)

## FAILURE TO FOLLOW REASONABLE PROCEDURES TO ASSURE MAXIMUM POSSIBLE ACCURACY

84. Plaintiff re-alleges and incorporates by reference all preceding paragraphs as if fully set forth herein.

85. Section 1681e(b) requires a CRA to "follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

86. The systematic suppression of the Recent Payment field on every Affirm account — including accounts with active adverse delinquency notations of 30, 60, and 90 days past due — creates a materially misleading consumer report. A report that discloses adverse delinquency notations without disclosing the corresponding Recent Payment data to allow verification of those notations does not report the consumer's payment history with "maximum possible accuracy." The absence of the Recent Payment field leaves each delinquency entry unverifiable and potentially misleading to a creditor relying on the report.

87. The failure to maintain a software or disclosure procedure that accurately populates the Recent Payment field for all Affirm accounts while simultaneously reporting adverse delinquency notations on those same accounts is objectively unreasonable. Any minimally compliant accuracy system would either supply the payment field data or suppress the adverse notation pending verification — not report the adverse notation while omitting the payment data that would allow the consumer or a reviewing creditor to verify it. See Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147 (9th Cir. 2009) (materially misleading data constitutes inaccuracy under § 1681e(b)).

88. Experian disseminated Plaintiff's consumer report — containing the omitted Recent Payment data alongside active delinquency notations — to seven (7) third parties via hard inquiries between May 2024 and March 2026, as set forth in Section E of the Factual Allegations above. This dissemination establishes actual dissemination to third parties under TransUnion LLC v. Ramirez, 141 S. Ct. 2190 (2021), and creates concrete harm.

89. Experian's failure to maintain procedures sufficient to ensure maximum possible accuracy in connection with Affirm account data is willful under Safeco, 551 U.S. at 57. In the alternative, Experian acted negligently.

90. As a result of Experian's violations of § 1681e(b), Plaintiff is entitled to: (a) actual damages pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1); (b) statutory damages of not less than $100 nor more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), with each dissemination of the inaccurate report constituting a separate potential violation; (c) punitive damages pursuant to 15 U.S.C. § 1681n(a)(2); and (d) costs of the action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Stephaney E. Blake respectfully prays that this Court:

A. Enter judgment in favor of Plaintiff and against Defendant Experian Information Solutions, Inc. on all counts;

B. Award Plaintiff her actual damages sustained as a result of Experian's violations of the FCRA, including actual damages for emotional distress, informational injury, and loss of the ability to evaluate and verify the accuracy of her credit file, pursuant to 15 U.S.C. §§ 1681n(a)(1)(A) and 1681o(a)(1);

C. Award Plaintiff statutory damages of not less than $100 nor more than $1,000 per willful violation pursuant to 15 U.S.C. § 1681n(a)(1)(A), with each account-level omission constituting a separate potential violation and each dissemination of Plaintiff's consumer report to a third party constituting a separate potential violation;

D. Award Plaintiff punitive damages in an amount sufficient to punish and deter Experian's willful and deliberate conduct, pursuant to 15 U.S.C. § 1681n(a)(2). See Williams v. First Advantage LNS Screening Solutions, Inc., 947 F.3d 735 (11th Cir. 2020);

E. Award Plaintiff costs of the action pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2);

F. Order Experian to provide Plaintiff a corrected and complete file disclosure that fully complies with 15 U.S.C. § 1681g(a)(1), including all information in Plaintiff's file at the time of the corrected disclosure presented clearly and accurately, including without limitation the Recent Payment field accurately populated for every Affirm account; and

G. Grant such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Stephaney E. Blake hereby demands a trial by jury on all issues so triable.

Respectfully submitted,

Stephaney Blake

Stephaney E. Blake
Pro Se Plaintiff
34 Bloomfield Street, Apartment 1
Dorchester Center (Boston), Massachusetts 02124
Ladyhil26@gmail.com

Date: 5-1-26